UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JAMES GLENN COLLINS, JR. ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:09-cv-506 |
| ) | *Phillips* |
| TONY PARKER, Warden ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

This *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed November 17, 2009; petitioner is challenging his 1986 Knox County convictions for various offenses. The court ordered petitioner to show cause why his petition should not be dismissed as time-barred. Petitioner has now filed his response to the show cause order. For the following reasons, the court finds that petitioner's habeas corpus petition is time-barred and it will be **DISMISSED**.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On December 3, 2008, in an unpublished opinion, the Tennessee Court of Criminal Appeals affirmed the summary dismissal of petitioner's state habeas corpus petition. In doing so, the appellate court summarized the history of petitioner's convictions as follows:

> In July 1986, the petitioner, James Glenn Collins, Jr., pled guilty in Knox County Criminal Court to four counts of armed robbery, two counts of grand larceny, one count of petit larceny, one count of concealing stolen property, one count of aggravated assault, and one count of escape as charged in nine separate indictments. He agreed upon an effective sentence of forty-five years in the Tennessee Department of Correction as a Range I, standard offender. He did not file a direct appeal or seek post-conviction relief.
>
> On March 28, 2008, the petitioner filed a *pro se* petition for habeas corpus relief in Lake County Circuit Court....

*Collins v. Mills*, No. W2008-007980CCA-R3-HC, 2008 WL 5082906 at * 1 (Tenn. Crim. App. Dec. 3,2008).

Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion in his case expired April 24, 1997, which was one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002). For that reason, petitioner was ordered to show cause why his habeas corpus petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675 (2006) (a district court may *sua sponte* dismiss a habeas corpus petition as untimely, after giving the petitioner an opportunity to show cause why the case should not be dismissed as time-barred).

In response to the show cause order, petitioner contends that failure to hold an evidentiary hearing on his habeas petition will result in a fundamental miscarriage of justice. Petitioner does not state any facts to support his contention. "Briefly stated, a fundamental miscarriage of justice occurs when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Mitchell v. Rees*, 114 F.3d 571, 579 n.12 (6th Cir. 1997) (citations omitted).

Petitioner claims he sought to develop a factual basis for his habeas claims but was prevented from doing so by the denial of an evidentiary hearing at every stage of his state habeas corpus proceedings. The court notes, however, that petitioner's state habeas corpus petition was filed on March 28, 2008, which was more than ten years after the expiration of the deadline for petitioner to file a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (pending state post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Under the circumstances, the petition for the writ of habeas corpus is barred by the statute of limitation. Since it plainly appears from the face of the petition that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in

good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips
United States District Judge